**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-12323

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

NARADA BARRY WHITE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 2:22-cr-00173-KD-MU-1

_____

Before JORDAN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Narada White pled guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g).  The district court sentenced him

to 96 months of imprisonment, an upward departure or variance from the advisory guideline range of 37-46 months.

On appeal, Mr. White argues that his sentence is procedurally unreasonable because the district court relied on its unsupported factual findings that he had committed other unlawful conduct. He also contends that his sentence is substantively unreasonable because it is more than double the high-end of the advisory guideline range and the district court considered factors that the Sentencing Guidelines already accounted for. Following review of the record and the parties' briefs, we affirm.

**I**

We generally review the procedural and substantive reasonableness of a sentence under a deferential abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A district court commits a procedural sentencing error by, among other things, failing to consider the 18 U.S.C. § 3553(a) factors, basing a sentence on erroneous facts, or failing to explain the chosen sentence. *See id.* We will vacate a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

## II

As noted, Mr. White's advisory guideline range was 37-46 months based on a total offense level of 17 and a criminal history category of IV (which included scored convictions for assault, negotiating worthless instruments, obstruction of justice, and robbery, and unscored convictions for robbery and three instances of negotiating worthless instruments). Mr. White also had pending state charges for receiving stolen property, driving with a suspended license, carrying a gun as a forbidden person, and robbery. Mr. White requested a sentence at the low end of the range, while the government recommended a sentence of at least 46 months because it believed Mr. White posed a danger to the public.

The district court, after considering the evidence presented at the suppression hearing and the sentencing hearing, found by a preponderance of the evidence that Mr. White (a) had randomly fired a shot (using the gun he illegally possessed) into an apartment complex right before his arrest, (b) had shot two men in 2019 during an altercation, and (c) had committed a 2022 robbery of a liquor store in which he told the cashier to "[s]hut up" or he would "shoot [her]." The district court explained that Mr. White merited an upward departure based solely on his shooting into the apartment complex and his criminal history. The district court also explained that, even if it did not consider the 2019 shooting, Mr. White's behavior and criminal history warranted an upward departure.

On appeal Mr. White does not challenge the district court's factual finding that, shortly before his arrest, he randomly fired into

an apartment complex (finding 1).  He contests only the district court's factual findings that he shot two other people in 2019 (finding 2) and that he committed a liquor store robbery in 2022 (finding 3).  He asserts that the district court imposed a procedurally unreasonable sentence because those two findings were not sufficiently supported by the evidence.  *See* Appellant's Br. at 12–15.  We therefore limit our discussion on procedural unreasonableness to these two findings.

### III

At the sentencing hearing, the district court referred to the 96-month sentence several times as a departure.  But the statement of reasons described the sentence as an upward variance.  Regardless of how the sentence is characterized, Mr. White's procedural and substantive unreasonableness arguments remain the same.  *See* Appellant's Br. at 12 n.3.

As a general matter, a district court's factual findings at sentencing need only be supported by a preponderance of the evidence.  *See United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020).  At sentencing, the district court may consider relevant information regardless of whether it would have been admissible at trial, so long as it has sufficient indicia of reliability to support its probable accuracy.  *See United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010).  "To prevail on a challenge to a sentence based on the consideration of such information, a defendant must show (1) that the challenged evidence is materially false or unreliable and (2) that it actually served as the basis for the sentence."  *Id.*

A factual finding is clearly erroneous when a review of all the evidence leaves a reviewing court with the definite and firm conviction that the district court made a mistake. *See United States v. Matthews*, 3 F.4th 1286, 1289 (11th Cir. 2021). Stated differently, we will not reverse if the district court's account of the evidence is "plausible in light of the record viewed in its entirety." *Id.* (quotation marks omitted). As the Supreme Court has told us, a "finding that is 'plausible' in light of the full record—even if another is equally or more so—must govern." *Cooper v. Harris*, 581 U.S. 285, 293 (2017). And we afford great deference to the district court's credibility determinations. *See United States v. Asante*, 782 F.3d 639, 646 (11th Cir. 2015).

## A

Lieutenant Ray Blanks of the Selma Police Department testified at the sentencing hearing about the 2019 shooting. He explained that, during an altercation at an apartment complex, Mr. White retrieved a gun from his car and shot a man named Kenny Reynolds in the ankle. Mr. White then got back into his car to drive off but stopped, came out of the car with his gun, and shot a man named Octavious Reynolds (Kenny's brother) in the thigh. During Lieutenant Blanks' testimony, the government played a video from the apartment complex showing an individual who Lieutenant Blanks identified as Mr. White shooting the Reynolds brothers. Lieutenant Blanks further testified that he interviewed two witnesses, Erica Vasser and Tikira Milton, and their recorded interviews were played at the hearing. The women were shown a photo lineup, and they both identified Mr. White as the shooter.

During cross-examination, Lieutenant Blanks admitted that he had previously testified that he was unable to identify the shooter from the apartment complex video. But he explained that he had then gone back to review the video several times just like a good detective would do. And when asked about the identity of the shooter on cross-examination, Lieutenant Blanks again said it was Mr. White:

> [F]rom the many times I've dealt with your client, from me watching that video[,] [i]t's my recollection that that is your client. I have put your client in jail multiple times on multiple charges. I know his body build and how he walk[s]. So me looking at the video as many times as I did, yes, I can say that's your client.

D.E. 79 at 15.

Lieutenant Blanks also testified about the 2022 liquor store robbery, for which he was the lead investigator. He explained that Mr. White stole money from the register of a liquor store called Captain's Corner, and when the cashier told him to give the money back, he responded "[s]hut up or I will shoot you." *Id.* at 10. The liquor store's exterior camera showed Mr. White getting out of his car and entering and exiting the liquor store. Lieutenant Blanks said he was able to identify Mr. White in the video because he was familiar with him—he had "put him in jail too many times." *Id.* at 11.

On cross-examination, Lieutenant Blanks testified that he was also able to review an interior video at the liquor store immediately after the robbery, and that video showed Mr. White

reaching over the counter and taking the money out of the register. That interior video, however, was not available at the sentencing hearing because it could not be successfully downloaded due to some sort of virus or corruption.

Based on the evidence summarized above, the district court found that Mr. White shot the Reynolds brothers in 2019 during an altercation at an apartment complex and that he robbed the Captain's Corner liquor store in 2022. The district court admitted that it could not identify Mr. White from the video, but it found Lieutenant Blanks credible, and he was able to identify Mr. White based on his contact with him over the years. Moreover, Lieutenant Blanks' identification of Mr. White as the shooter in the 2019 incident was supported by the witnesses who picked him out of a photo lineup. The district court explained that even if Mr. White was not the shooter in the 2019 incident, he had "earned" the 10-year maximum for the felon-in-possession charge based on his behavior and his criminal history, but imposed a sentence of 96 months because he had pled guilty.

Based on the evidence summarized above, we reject Mr. White's arguments that the district court clearly erred in finding, by a preponderance of the evidence, that he shot the Reynolds brothers in 2019 and robbed the Captain's Corner liquor store in 2022. The district court found Lieutenant Blanks credible and found by a preponderance of evidence that Mr. White was the culprit in both incidents. Mr. White's procedural unreasonableness argument therefore fails.

**B**

Mr. White also argues that the 96-month sentence was substantively unreasonable because it was more than double the top of the advisory guidelines range, his assault and robbery convictions were taken into account by the Sentencing Guidelines in setting his offense level and criminal history category, and there was insufficient evidence to support the district court's findings that he shot the Reynolds brothers in 2019 and robbed the Captain's Corner liquor store in 2022. Having already rejected the evidentiary contention, we address the first two arguments and conclude that they lack merit.

The district court adequately explained its above-guideline sentence, and did not abuse its discretion in sentencing Mr. White to 96 months of imprisonment. We are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotation marks omitted).

First, a district court's decision to place greater weight on a defendant's criminal history is consistent with the § 3553(a) factors because five factors relate to criminal history. *See United States v. Riley*, 995 F.3d 1272, 1280 (11th Cir. 2021). Using a defendant's criminal history, "[i]f his crimes have involved violence or firearms, a court may correctly conclude that a stronger sentence is necessary to protect the public from his future crimes[.]" *Id.*

Second, we have upheld upward variances matching the statutory maximum as reasonable when necessary to achieve the purposes set out in § 3553(a).  Mr. White, as the district court found, had used a firearm in the past to shoot two other people. *See, e.g., United States v. Shaw*, 560 F.3d 1230, 1241 (11th Cir. 2009) (upholding a statutory maximum sentence of 120 months for a § 922(g)(1) conviction when the defendant had a significant criminal history and was "a step or two away from violent crime").

### IV

We affirm Mr. White's sentence.

**AFFIRMED.**